**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TIMOTHY CARR**                                                                                                 **PETITIONER**

**VERSUS**                                                         **CIVIL ACTION NO. 3:07cv56DPJ-JCS**

**BETTY W. SEPTON, et al.**                                                                         **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal. Petitioner is a inmate incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi. Petitioner filed a motion for a writ of mandamus pursuant to 28 U.S.C. § 1361. The Petitioner requests that this Court order the Clerk of the Mississippi Supreme Court to provide him with a stamped filed copy of the pleadings he has filed in his appeal pending before the Mississippi Supreme Court.

Plaintiff relies upon 28 U.S.C. § 1361. That section grants this Court original jurisdiction "of any action in the nature of mandamus to compel an officer or employee <u>of the United States</u> or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361 (emphasis added). Federal courts have no authority under section 1361 "to issue writs of mandamus to direct <u>state courts and their judicial officers</u> in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275-76 (5th Cir.1973) (emphasis added); *see also Noble v. Cain*, 123 Fed.Appx. 151, *152, 2005 WL 361818, **1 (5th Cir. 2005); *Rhodes v. Keller*, 77 Fed.Appx. 261, 2003 WL 22309132, **1 (5th Cir. 2003); *Santee v. Quinlan,* 115 F.3d 355, 356-57 (5th Cir.1997).

The Clerk of the Mississippi Supreme Court is not an officer, employee or agency of the United States and therefore, is not subject to the statutory mandamus authority of this Court.

Therefore, this Court does not have jurisdiction in the nature of mandamus, under 28 U.S.C. § 1361, to direct the Mississippi Supreme Court to comply with Petitioner's requests.  Further, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).  "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Id.* at 403.

## CONCLUSION

This Court does not have jurisdiction to issue a writ of mandamus to direct the Clerk of the Mississippi Supreme Court to provide the petitioner with a copy of pleadings he has filed in that Court.  Therefore, Petitioner's motion for a writ of mandamus [1-1] is denied.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 12th day of February, 2007.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE